**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL SANTIAGO GONZALEZ,<br>Petitioner,<br>v.<br>DAVID A. MARIN,<br>Respondent. | Case No. 5:26-cv-04435-ACCV<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS** |

## I. RULING

On August 3, 2026, Raul Santiago Gonzalez ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and the Immigration and Nationality Act ("INA"). (Dkt. 1 at 6–7.) For the reasons stated herein, the Court grants the Petition, in part.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico. (Dkt. 1 at 2.) Petitioner does not have an order of removal. (*Id.*) Petitioner has never been detained and later released from immigration custody. (*Id.*)

Neither party states when or how Petitioner entered the United States. (*See generally* Dkts. 1; 8.) Neither party provides any information on Petitioner's activities

or conduct since he entered the United States. (*Id.*)

On July 28, 2026, Petitioner was detained while driving. (Dkt. 1 at 2.) Petitioner claims Immigration and Customs Enforcement ("ICE") agents blocked him in. (*Id.*) Petitioner claims the agents did not identify themselves. (*Id.*) Petitioner further claims the agents did not give Petitioner a warrant or notice to appear. (*Id.*) Petitioner was then transferred to the Adelanto ICE Processing Center in Adelanto, California, the same day. (*Id.*) Petitioner has not had a bond hearing. (*Id.* at 5.)

On August 5, 2026, Petitioner filed the Petition and brings three claims: (1) Due Process and INA regulations were violated when Petitioner was reimprisoned without notice and an opportunity to be heard; (2) Due Process requires consideration of alternatives to detention and ability to pay; and (3) at any hearing, the government must justify ongoing detention by clear and convincing evidence. (Dkt. 1 at 6–7.) Petitioner requests that the Court : (1) assume jurisdiction over this matter; (2) assign pro bono counsel to this case; (3) issue a writ of habeas corpus requiring Petitioner's immediate release and prohibiting his re-detention unless the government provides seven days notice and a hearing before a neutral arbiter in which they prove by clear and convincing evidence that Petitioner is a danger or flight risk; (4) declare that Petitioner's arrest and detention violates the Due Process Clause of the Fifth Amendment; (5) enjoin Respondents from transferring outside the Central District of California or deporting Petitioner pending these proceedings; and (6) grant such further relief as the Court deems just and proper. (*Id.* at 7.)

On August 13, 2026, Respondents filed Respondents' Answer to Petition for Writ of Habeas Corpus. (Dkt. 8.) Respondents concede that Petitioner is entitled to a bond hearing. (*Id.* at 2.) Respondents maintain Petitioner is properly detained pending potential bond proceedings because this is Petitioner's first detention. (*Id.*) Respondents also claim Petitioner has failed to properly exhaust administrative remedies to the extent that they have not yet requested a bond hearing from the Immigration Court. (*Id.*)

Petitioner has yet to file a reply.

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

### A. Habeas Jurisdiction

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (*citing* U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973).

Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687-88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts

retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

**B. Petitioner's Due Process Claims**

Petitioner argues his detention violates his procedural due process rights under the Fifth Amendment. (Dkt. 1 at 6.) Respondents do not directly respond to Petitioner's due process claims. (*See generally* Dkt. 8.)

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The right to due process extends to noncitizens in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . . be deprived of life, liberty, or property without due process of law[.]"); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

It is well-established that freedom from government detention is a protected liberty interest. *See Zadvydas*, 533 U.S. at 690. Though the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment nonetheless "entitles [noncitizens] to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205–06 (9th Cir. 2022) (quoting *Hussain*

*v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)). Many courts in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025).

Factors that are often considered when evaluating the liberty interest of a petitioner include but are not limited to the strength of their community ties, whether they have valid work authorization, retained stable employment, and a lack of criminal history. *See e.g.*, *Acosta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-00530-TLN-EFB, 2026 WL 350831, at *3 (E.D. Cal. Feb. 9, 2026).

None of this information is present in the record before the Court. (*See generally* Dkts. 1; 8.) Furthermore, Petitioner asserts that he has never been detained and then released from immigration custody. (Dkt. 1 at 2.) Likewise, Respondents contend this is Petitioner's first detention. (Dkt. 8 at 2.) Accordingly, Petitioner has not acquired a protected liberty interest in remaining free from detention and has not carried his burden as to his Due Process claims.

**C. Petitioner is Entitled to a Bond Hearing**

Among the relief Petitioner seeks is a bond hearing, and Respondents agree that Petitioner is entitled to a bond hearing. (Dkts. 1 at 2; 8 at 2.)

On July 30, 2026, the Ninth Circuit found that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)," rejecting the government's position that unadmitted noncitizens present in the interior of the country are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 at * 3 (9th Cir. July 30, 2026). As Petitioner is an unadmitted noncitizen, who was "present in the interior of the country" when he was detained, Petitioner is subject to 8 U.S.C. § 1226. *See id*. at *26.

Respondents do not argue otherwise.

The Ninth Circuit's reasoning in *Rodriguez Vazquez v. Bostock* affirmed the reasoning underlying the Judgment in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Bautista*"). The certified class in *Bautista* is "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127.

Here, Petitioner entered the United States without inspection, was not apprehended and paroled upon his arrival in the United States, and as such, DHS cannot have made an initial custody determination that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. Respondents state in their Answer, "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026) (finding "that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). (Dkt. 8 at 2.) Additionally, "to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (*Id.*) Given the foregoing, and the parties' agreement, the Court finds that Petitioner is entitled to a bond hearing pursuant to *Rodriguez Vazquez*, 2026 WL 2196424, at *3.

## V. CONCLUSION

For the reasons stated, the Court grants the Petition, in part. Respondents are ordered to provide Petitioner Raul Santiago Gonzalez (A#: 246-058-930) an individualized bond hearing before an immigration judge within seven days, where the

Government bears the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. Respondents must file a notice of compliance within seven days of the bond hearing.

DATED: October 3, 206

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge